427 S.E.2d 244

**D & M LOGGING COMPANY, a West Virginia corporation, Respondent,**

v.

**Roy C. HUFFMAN and Liberty Mutual Insurance Company, a Massachusetts corporation, Petitioner.**

**No. 21355.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 19, 1993.

Decided Feb. 11, 1993.

---

William C. Garrett, Gassaway, for respondent.

Daniel R. Schuda, Steptoe & Johnson, Shawn P. George, George, Ferguson & Lorensen, Charleston, for petitioner.

NEELY, Justice:

In this case an insurance company insured D & M Logging's truck. D & M's employee allegedly loaded logs in a negligent manner onto another truck owned and operated by a different company using a crane that was attached to D & M's truck. The insurance company was required to issue the policy in question to insure D & M's truck for liability arising from the "ownership, maintenance and use of the covered auto" under the West Virginia Automobile Insurance Plan (WVAIP). We find that such a policy does not contemplate insuring D & M for liability as a result of crane operations unrelated to the use of the truck for transportation purposes.

On 13 September 1989, a logging truck owned and operated by Action Transit Company struck two cars and a pedestrian. The truck had been hauling logs from a tract of land that was being logged by D & M Logging Company (D & M), the respondent, to a mill in Goshen, Virginia. The truck had been loaded by a D & M employee, David McLain. Mr. McLain loaded the logs using a 1988 International Truck owned by D & M with a permanently attached crane. The injured parties sued several parties. Among those sued is D & M, with the injured parties alleging that D & M's employee loaded the Action Transit truck negligently.[1]

---

1. The injured parties also allege that D & M's employee was negligent in not preventing the

At the time of the accident, D & M had a business automobile liability policy written by State Farm agent, Roy C. Huffman. Mr. Huffman informed D & M's owner that he could not write a State Farm Policy on D & M's truck because of the high risk involved; the only policy that he could write would be "automobile insurance" that would be issued through the West Virginia Automobile Insurance Plan (WVAIP). WVAIP is an assigned risk pool in which all companies which write automobile insurance in West Virginia are required to participate. The purpose of the plan is to protect the victims of automobile accidents in West Virginia by making insurance available to all cars on the road, even bad risks.

Under its rules, the WVAIP required Liberty Mutual Insurance Co., defendant, to issue a policy to insure the D & M truck *as an automobile.* Section IV A of the policy states:

> *We* will pay all sums the *insured* legally must pay as damages because of *bodily injury* or *property damage* to which this insurance applies, caused by an *accident* and resulting from the ownership, maintenance or use of a covered *auto.* [Emphasis original]

D & M sued Liberty Mutual Insurance Company to compel the insurance company to perform its duty to defend D & M from the suits surrounding the litigation. D & M bases this claim on the alleged negligence of its employee, Mr. McLain, in using a crane attached to the insured truck. D & M claims its potential liability results from an accident "resulting from the ownership, maintenance or use of a covered auto." Liberty Mutual maintains that insuring the operation of the attached crane is not a risk contemplated by the WVAIP-required automobile insurance contract.

The Circuit Court of Braxton County, after ruling in favor of D & M Logging, certified three questions to this Court:

*QUESTION 1:* Does an automobile liability policy which extends to bodily injury or property damages caused by an acci-

dent and resulting from the ownership, maintenance or use of a covered auto provide coverage where there is a claim that the insured's employee negligently loaded logs by use of a mechanical device attached to the covered auto, onto a noncovered automobile, owned by a third party, which is subsequently involved in an accident?

*ANSWER:* Yes.

*QUESTION 2:* Where a policy of insurance specifically excludes coverage for claims for bodily injury or property damage resulting from the handling of property after it is moved from the *covered auto* to the place where it is finally delivered by the *insured,* is the alleged negligence of the insured's employee in moving logs from a covered auto to a noncovered auto owned by a third-party, which is subsequently involved in an accident, excluded under the policy?

*ANSWER:* No.

*QUESTION 3:* May the Court consider an Affidavit of the agent who wrote the application for coverage in determining the coverage provided by a policy?

*ANSWER:* No.

We address the first question. The language of Section IV A of the contract, when read in conjunction with the purpose behind the WVAIP, makes it clear that the only use that is covered under the policy is the use of the truck as an "auto." The policy defines an "auto" as "a land motor vehicle, trailer or semi-trailer designed for travel on public roads but does not include *mobile equipment.* [Emphasis original]" The policy further defines "mobile equipment" as "any of the following type of land vehicles":

1. Specialized equipment such as: Bulldozers; Power Shovels; Rollers, graders or scrapers; Farm machinery; *Cranes;* Street sweepers or other cleaners; Diggers; Forklifts; Pumps; Generators; Air Compressors; Drills; Other similar equipment. [Emphasis added]

 \*　　\*　　\*　　\*　　\*　　\*

---

Action Transit driver from driving due to his apparent state of intoxication. D & M is mak-

ing no claim for coverage by Liberty Mutual as a result of those allegations.

3. Vehicles maintained solely to provide mobility for such specialized equipment when permanently attached.

Part II C of the insurance policy provides only limited liability coverage for mobile equipment:

If the policy provides liability insurance, the following types of vehicles are covered *autos* for liability insurance:

\* \* \* \* \* \*

2. *Mobile equipment* while being carried or towed by a covered *auto*. [Emphasis original]

 A plain reading of this provision extends liability coverage only to the equipment while it is being carried or towed; the provision does not extend liability coverage to the use of the mobile equipment simply because it happens to be attached to a covered auto. Moreover, in a situation where an insurance company is required to issue a policy under the WVAIP, that policy extends only to the "ownership, maintenance or use" of the vehicle *as an automobile.*

 The WVAIP does not require insurance companies to insure activities involving specialized equipment attached to a covered vehicle in circumstances where those activities are not those of an ordinary passenger vehicle; insuring specialized equipment such as cranes is the function of a general liability insurance policy, not an automobile insurance policy. To expand the assigned-risk coverage in this situation would unnecessarily increase the exposure of insurance companies and impose undue hardship (through increased premiums) on many West Virginians who cannot obtain automobile insurance but for WVAIP.

 The only relationship between D & M and the accident that could conceivably relate to the Liberty Mutual policy is the allegation that Mr. McLain, an employee of D & M, negligently loaded logs onto Action Transit truck. Use of the crane is not "operation, maintenance or use of a *covered auto*" because the definition of an "auto" specifically excludes coverage of the crane. Thus the language of the insurance contract, especially when viewed in light of the purposes of WVAIP, makes it clear that the coverage of the insurance contract does not extend to the situation where there is a claim that the insured's employee negligently loaded logs by use of a mechanical device attached to the covered auto, onto a non-covered automobile, owned by a third party, that was subsequently involved in an accident. Therefore, the answer to the first certified question is "no." This answer renders certified questions two and three moot.

The certified question that disposes of the case having been answered, this case is ordered dismissed from the docket of this Court.

Certified Questions Answered.